United States District Court
for the
Southern District of Florida

| Randy Zapata, Plaintiff | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-22119-Civ-Scola |
| Transunion Credit Bureau, | ) | |
| Defendant. | ) | |

### **Order Denying Motion for Reconsideration**

This matter is before the Court upon the Plaintiff Randy Zapata's motion for reconsideration. (ECF No. 5.) In the motion, Zapata requests that the Court reconsider its order dismissing his complaint without prejudice and denying his motion to proceed *in forma pauperis* ("IFP") as moot. (*See* ECF No. 4.) For the reasons set forth below, the Court **denies** the motion (**ECF No. 5**.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

Zapata is not entitled to reconsideration. As noted by the Court in its dismissal order, Zapata failed to state a claim against the Defendant in his initial filing because he alleged no facts about, or claims against, Transunion Credit Bureau. Indeed, his filing referred to alleged harms committed by Equifax Credit Bureau, a different entity that is not named as a defendant in this case, but which he has named in a related case currently pending before this Court. *See Zapata v. Equifax Credit Bureau*, No. 18-21732-RNS. In the instant motion, Zapata appears to argue that because he has been granted leave to proceed IFP in his case against Equifax, the Court should reverse its

previous order of dismissal in this case. The Court disagrees because Zapata has still not properly alleged claims against Transunion. In addition, the Court notes that it previously dismissed the document construed as a complaint without prejudice, which means that to the extent that Zapata may indeed have a claim against Transunion, he may attempt to properly assert it in an amended pleading that complies with the Federal Rules of Civil Procedure. Once again, the Court is not responsible for extrapolating facts and assessing whether a cause of action exists from Zapata's filings. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("Despite the leniency afforded [to] pro se plaintiffs, the district court does not have license to rewrite a deficient pleading.")

Accordingly, Zapata's motion for reconsideration (**ECF No. 5**) is **denied**. Zapata may file an amended complaint on or before **August 8, 2018**.

**Done and ordered** at Miami, Florida, on July 30, 2018.

_____
Robert N. Scola, Jr.
United States District Judge